GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
KRAVITZ SCHNITZER
JOHNSON & WATSON, CHTD.
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada  89123
Telephone:   (702) 362-6666
Facsimile:    (702) 362-2203
Attorneys for Defendants
*HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES, a professional corporation; SAMUEL M. SOHN, and W. TRACY HANKINS*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAROLINE AURORA, individually and on behalf of All Class Members,<br><br>Plaintiff,<br><br>vs.<br><br>HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES, a professional corporation; SAMUEL M. SOHN; W. TRACY HANKINS; ROE DATA SECURITY COMPANY; ROE IT CONSULTING FIRM; ROE NETWORK SECURITY SERVICE PROVIDER; DOE EMPLOYEES 1-10; DOES 11-20 AND ROE BUSINESS ENTITIES 3-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>**(Clark County District Court, Case No. A-23-882052-C)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, THE PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, Defendants, HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN

1

PLASTIC SURGERY ASSOCIATES, a professional corporation ("the Practice"), SAMUEL M. SOHN ("Dr. Sohn"), and W. TRACY HANKINS ("Dr. Hankins") (collectively "Defendants"), hereby remove the state court action described below from the Eighth Judicial District Court, Clark County, Nevada, filed by CAROLINE AURORA, individually and on behalf of All Class Members ("Plaintiff"), Case No. A-23-882052-C, Dept. 24 (hereinafter the "State Court Action") to the United States District Court for the District of Nevada, and submit the following statement of facts, which entitles this matter to removal:

## JURISDICTION AND VENUE

1.  The Court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act of 2005, which is codified in part as 28 U.S.C. § 1332(d).

2.  This Court is in the judicial district and division embracing the place the State Court Action was brought and was pending. Thus, this Court is the proper District Court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a). Moreover, this venue is proper as a substantial part of the alleged events or omissions giving rise to this lawsuit occurred in the District of Nevada.

## THE ACTION AND TIMELINESS OF REMOVAL

3.  On November 21, 2023, Plaintiff, purportedly on behalf of herself and others similarly situated, filed a Class Action Complaint and Jury Demand (the "Complaint") against Defendants in the State Court Action. A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

4.  On November 30, 2023, Plaintiff served the Practice with a copy of the Summons and Complaint by personal delivery upon an employee at its place of business in Henderson, NV. On November 30, 2023, Plaintiff served Dr. Hankins with a copy of the Summons and Complaint by personal delivery at his place of business in Henderson, NV. On December 4, 2023, Plaintiff served Dr. Sohn with a copy of the Summons and Complaint by personal delivery at his place of business in Henderson, NV.

5.  The removal is timely under 28 U.S.C. § 1446(b) because Defendants filed this removal within thirty (30) days of being served within the Complaint. *See Murphy Bros. v.*

2

*Michetti Pipe Stinging, Inc.,* 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

## CAFA JURISDICTION

6. <u>Basis of original jurisdiction:</u>  This Court has original jurisdiction over this action and under the Class Action Fairness Act of 2005 ("CAFA")(codified in pertinent part at 28 U.S.C. § 1332(d)). Section 1332(d) provides that a district court shall have original jurisdiction over a class action when one hundred (100) or more putative class members from which the matter in controversy have claims that aggregately exceed the sum or value of $5 million. Section 1332(d) further provides that, for CAFA to apply, at least one putative class member must be a citizen of a state different from any defendant.

7. As set forth below, pursuant to 28 U.S.C. § 1441(a), defendants may remove this State Court Action to federal court under the Class Action Fairness Act of 2005 because: (1) this action is pled as a class action; (2) the putative class will include more than one hundred (100) members; (3) some members of the putative class are citizens of the state different than that of defendants; and (4) the matter in controversy, in the aggregate, exceeds the sum or value of $5 million, exclusive of interest and costs.

## THE ACTION IS PLED AS A CLASS ACTION

8. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more of representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9. Plaintiff seeks class certification under Rule 23 of the Nevada Rules of Civil Procedure. Complaint at ¶¶ 81-96. The Supreme Court of Nevada has held that Rule 23 of the Nevada Rule of Civil Procedure is "identical to its federal counterpart." *Meyer v. Eighth Judicial Dist. Court,* 885 P.2d 622, 626 (Nev. 1994). Thus, the first CAFA requirement is satisfied.

///

///

///

# THE PUTATIVE CLASS INCLUDES AT LEAST 100 MEMBERS

10.     Plaintiff alleges that Plaintiff and Class Members' PHI[1] "had been subject to the unauthorized access of an unknown third party." *See Class Action Complaint and Jury Demand ("Complaint")* at ¶ 14. Plaintiff further states that "[t]he unauthorized third party was able to access, view, and download massive amounts of class members' PHI." *Id.* at ¶ 15. As a result of this unauthorized access, Plaintiff further alleges that her information was used "as a means of extortion, intimidation, and harassment for Plaintiff and class members." *Id.* at ¶ 16.

11.     Plaintiff purports to bring this action on behalf of a nationwide class (the "Class"). Plaintiff defines this Class as **"[a]ll persons residing in the United States whose PHI was compromised in the Data Breach** announced by the Hankins & Sohn Defendants that suffered actual harm due to the Data Breach." *Id.* at ¶ 82 (emphasis added). Plaintiff excluded from the Class "the Hankins & Sohn Defendants, and the Hankins & Sohn Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which the Hankins & Sohn Defendants has [sic] a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments, including but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members." *Id.* at ¶ 83.

12.     Plaintiff alleges that "[t]he Members of the Class are so numerous that joining all of them is impracticable." *Id.* at ¶ 85. Plaintiff then alleges that "[w]hile the exact number of Class Members is unknown to Plaintiff at this time, based on information and belief, the Class consists of approximately 30 individuals whose sensitive data was compromised in Data Breach." *Id.* Despite Plaintiff's contradictory class definition, based on Plaintiff's allegation that the proposed class includes "[a]ll persons in the United States whose PHI was compromised in the

---

[1] Plaintiff defines PHI as "current and former patients' names, addresses, email addresses, dates of birth, Social Security numbers, demographic information, driver's license (or state or federal) [sic] identification, patient identification numbers, account numbers, financial information, health insurance information, information relation [sic] to the patients' medical histories, insurance information and coverage, banking and/or credit card information, and other protected health information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")." *See Class Action Complaint and Jury Demand ("Complaint")* at ¶ 3.

4

1  Data Breach," (*id.* at 82), the number of putative Class Members exceeds the statutorily required
2  minimum of 100. Moreover, the Declaration of W. Tracey Hankins, M.D. further supports that
3  the putative Class members exceed 100. ECF No. 1-1.

## MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

13. Pursuant to 28 U.S.C. § 1332(d)(2)(A), "the district court shall have original jurisdiction" over a "class which. . . **any member of the class of plaintiff is a citizen of the state different from any defendant**." (Emphasis added). *See also Abreggo Abreggo v. The Dow Chemical Co.,* 443 F.3d 676, 680, n. 5 (9th Cir. 2006)("one way to satisfy minimal diversity to by demonstrating that any member of a class of plaintiff is . . . a citizen or subject of a foreign state and any defendant is a citizen of a state").

14. Dr. Hankins and Dr. Sohn are Nevada residents. The Practice is a professional corporation organized and existing under the laws of the State of Nevada.

15. Although Plaintiff alleges that she was and continues to be a Nevada resident, the Class from which Plaintiff seeks to assert a Class Action Status are "all persons residing in the United States whose PHI was compromised in the Data Breach announced by the Hankins & Sohn Defendants that suffered actual harm due to the Data Breach." *Complaint* at ¶ 82. As some of the purported class members are not Nevada residents, diversity of citizenship is met. In sum, the diversity of citizenship in this matter exists due to the Plaintiff's desire to represent all individuals in the United States who were affected by the Data Breach.

16. As established in ¶¶ 13-15 above, minimal diversity of citizenship is established pursuant to CAFA, because not all of the purported Class members are Nevada residents. In fact, many of the purported Class members are Arizona and California residents.

///
///
///
///
///
///

# THE AMOUNT IN CONTROVERSY EXCEEDS THE CAFA THRESHOLD[2]

17. Where a complaint has not specified the amount of damages sought, as is the case with Plaintiff's Complaint, the removing defendant must provide by the preponderance of evidence that the jurisdictional amount in controversy is satisfied. 28 U.S.C. § 1446(c)(2)(B). The United States Supreme Court held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet the standard. *Dart Cherokee Basin Oper. Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

18. Plaintiff requests the following relief, which aggregated across the putative Class of thousands of individuals places more than $5 million in controversy, exclusive of interest and costs.

19. <u>Damages</u>. Plaintiff claims that "the risk of identity theft to the Plaintiff and Class members has materialized and is present and continuing, and Plaintiff and the Class Members have all sustained actual injuries and damages, including: (a) invasion of privacy; (b) loss of time and loss of productivity incurred mitigating the materialized risk and imminent threat of identify theft risk; (c) the loss of benefit of the bargain (price premium damages); (d) diminution of value of their PHI; (e) invasion of privacy; and (f) the continued risk to their PHI, which remains in the possession of the Hankins & Sohn Defendants, and which is subject to further breaches. . . ." *Complaint* at ¶ 62. Finally, Plaintiff claims the Data Breach has caused her "to suffer fear, anxiety, stress, which has been compounded by the fact that the Hankins & Sohn Defendants has [sic] not fully informed her of key details about the Data Breach's occurrence." *Complaint* at ¶ 77.

20. Plaintiff does not allege the amount in compensatory, consequential, and nominal damages she allegedly sustained because of the Data Breach. *See Complaint* at ¶¶ 108, 138 and Prayer for Relief at ¶ 3. However, one potential estimate of the valuation is the attempt to mitigate the effects of the Data Breach due to Plaintiff's contention that she "and Class members are at a

---

[2] The amount in controversy set forth in this Notice of Removal is solely for the purpose of establishing that the amount in controversy exceeds the $5 million threshold. This section is not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendants deny liability, deny Plaintiff is entitled to recoup from Defendants any amount, and deny that the Class can be properly certified in this matter.

heightened risk of identity risk for years to come." *Id.* at ¶ 63. Although Plaintiff does not explicitly estimate the effects to mitigate the effects of the breach, Plaintiff has requested "equitable relief enjoining Defendant from engaging in wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' PHI, and from refusing to issue prompt, complete and accurate, disclosures to Plaintiff and Class Members . . . ." *Id.* at Plaintiff's Prayer for Relief at ¶ 2. This injunction and recovery sought includes the cost of credit monitoring services.

21. Three identity protection agencies, Equifax, Lifelock, and Experian, advertise monthly rates for credit monitoring services for all three credit bureaus and with identity theft insurance ranging from $11.95[3] to $69.95 per month. Specifically, Experian offers credit, social security, and bank/credit account monitoring services with identity theft protection for $24.99 per month per individual. Multiplying the cost of providing two years of credit monitoring services at $24.99 by 10,000,[4] which is the purported minimum amount of people whom Plaintiff designates as the Class, the amount in controversy for credit monitoring alone for one year is approximately $5,997,600.00.

22. Plaintiff also alleges that she and the class members have suffered "loss of value and protection of PHI, substantially increased threat and exposure to identity theft and the related and associated harm and damages, anxiety, fear, stress, embarrassment, emotional distress and trauma, costs and expenses, attorney's fees, and other damages and losses." *Id.* at ¶ 19. These nebulous concepts are unquantified in the Complaint, but will further increase the damages in excess of CAFA jurisdictional threshold.

23. <u>Restitution</u>.   Plaintiff's Complaint alleges that "Plaintiff and Class Members are entitled to full refunds, restitution, and/or damages from the Hankins & Sohn Defendants and/or

---

[3] *See* https://www.equifax.com/personal/products/identity-theft-protection/ (last visited December 21, 2023); LifeLock Official Site | Identity Theft Protection (norton.com) (last visited December 21, 2023); https://www.experian.com/consumer-products/compare-credit-report-and-score-products.html#comparison-table (last visited December 21, 2023).

[4] Defendants use this figure conservatively, as Defendants' Declaration estimates the number of clients that might have been impacted by the Data Breach was 20,000.

7

an order proportionally disgorging all profits, benefits, and other compensation obtained by the Hankins & Sohn Defendants from its wrongful conduct." *Id.* at ¶ 121. However, the Complaint contains no allegations that would support, or even suggest, the amount in restitution to which she or any of the putative Class Members are entitled. *Id*. Hence, Defendants do not entirely include restitution in their calculation of the total amount in controversy. Nevertheless, the amount in controversy further exceeds CAFA's $5 million threshold when these alleged damages are combined with the Class and Plaintiff's compensatory damages.

24. <u>Attorneys' Fees</u>. Plaintiff also seeks to recover her attorney's fees. *Id.* at ¶ 19 and *Prayer for Relief* at ¶ 6. "[W]here an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount of controversy." *Lauder Milk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 1004 (9th Cir. 2007)(internal citations omitted). The Court may consider reasonable estimates of attorney's fees in analyzing disputes over the amount in controversy. *See Brady v. Mercedes Benz, USA, Inc.,* 243 F. Supp. 2d 1004, 1010-1011 (N.D. Cal. 2002). Here, statutory attorney's fees are available under NRS 41.600. Hence, attorneys' fees should be included in analyzing the amount in controversy.

25. In the Ninth Circuit, twenty-five percent (25%) of the award has been used as a "benchmark" for attorney's fees. *Handlin v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998). Using this benchmark, attorney's fees further increase the amount in controversy for alleged liability exposure above the jurisdictional minimum for removal.

26. Accordingly, Defendants sufficiently removed the State Court Action to this Court as (1) the State Court Action is pled as a Class Action and (2) the class size, (3) diversity, and (4) amount in controversy requirements of CAFA are satisfied.

27. This Notice is submitted without a waiver of any procedural or substantive defense.

28. No substantive proceedings have been held in the State Court in this matter. Copies of all filed documents in the State Court Action are attached as follows:

| EXHIBIT NO. | DOCUMENT NAME |
|---|---|
| Exhibit 1 | Class Action Complaint and Jury Demand |
| Exhibit 2 | Initial Appearance Fee Disclosure |
| Exhibit 3 | Proof of Service – W. Tracy Hankins |

8

| Exhibit 4 | Proof of Service – Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates |
| Exhibit 5 | Proof of Service – Samuel M. Sohn |

29. The State Court Action was filed on November 21, 2023, and thus one year has not elapsed from the date the action in State Court has commenced.

## NOTICE OF INTERESTED PARTIES

Pursuant to FRCP 7.1, a Certificate of Interested Parties is being filed concurrently with this Notice of Removal.

As required by 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of its Removal to Plaintiff and are filing copies of this Notice of Removal to the Clerk of the Eighth Judicial District Court of Clark County, Nevada.

DATED this 21st day of December, 2023.

KRAVITZ SCHNITZER JOHNSON
& WATSON, CHTD.

 /s/ L. Renee Green
GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada  89123
Attorneys for Defendants
*HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES, a professional corporation; SAMUEL M. SOHN, and W. TRACY HANKINS*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of December, 2023, I served a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF REMOVAL** was served via the United States District Court CM/ECF system to all parties or persons requiring notice:

Clark Seegmiller, Esq.
Jonathan B. Lee, Esq.
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, NV 89101
jlee@richardharrislaw.com
T: 702.444.4444
F: 702.444-4455
Attorneys for Plaintiff

                                                */s/ Cynthia Lowe*
                                                An Employee of KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.

KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666